## TYLER *versus* BEAL.

The *one* continuance, which, by R. S. ch. 116, sec. 14, a justice is authorized to grant, in a suit brought before another justice, may be ordered, either at the return day of the writ, or on a day to which the cause had been legally adjourned.

ASSUMPSIT, brought before W. H. Lunt, a justice of the peace, who, on the appearance of the parties at the return day

Tyler *v.* Beal.

of the writ, adjourned the action to October 20, 1848 ; and who, on that day, was unable to attend. Caleb Sampson, another justice of the peace, attended on said 20th October, and further adjourned the action to November 11, and noted the continuance on the docket. On said November 11, the parties appeared, and the general issue was pleaded and joined before justice Lunt, who rendered judgment for the defendant for cost. The plaintiff appealed, and in the District Court the defendant moved that the action be dismissed, because of the non-attendance of Justice Lunt on said October 20th.

The Judge sustained the motion and dismissed the suit, and the plaintiff excepted.

*Russell,* for the plaintiff.

*Gould,* for the defendant.

The power given to a justice of the peace to adjourn a suit, commenced before another justice, is confined to the return day of the writ ; and cannot be exercised after the action has been entered. *Spencer* v. *Perry,* 17 Maine, 413.

HOWARD, J. — It has been decided by this court, that, under the act of 1834, chap. 101, the power of a justice of the peace, to continue a cause, triable by another justice of the peace, was limited to the return day of the writ. *Spencer* v. *Perry,* 17 Maine, 413.

The Revised Statutes, chap. 116, sect. 13, provide that a justice of the peace " may adjourn his court by proclamation, from time to time, as justice may require." Sect. 14, " Whenever a justice of the peace is unable, by reason of sickness, or other unforeseen cause, to attend at the time and place by him appointed for holding a court, any other justice in the county, who can legally try a cause between the parties in the pending suit, may continue such cause once, not exceeding thirty days, and note such continuance on the writ in such suit."

The language of the Revised Statutes is different from that of the statute of 1834, and was obviously intended to enlarge the power of the justice, who might be required to continue a cause pending before another justice. It authorizes him to

continue it once at any time appointed for holding the court, by the justice before whom the cause is pending, either on the return day, or day of adjournment, whenever the latter is unable to attend, for the causes mentioned in the statute.

In this case, the action appears to have been properly continued and tried before the magistrate, and to have been duly appealed, and entered in the District Court for a further hearing.                                    *Exceptions sustained.*